[No. B208974. Second Dist., Div. Six. Mar. 23, 2009.]

SAN BERNARDINO VALLEY WATER CONSERVATION DISTRICT, Plaintiff and Appellant, v.
SAN BERNARDINO COUNTY LOCAL AGENCY FORMATION COMMISSION, Defendant and Respondent;
SAN BERNARDINO VALLEY MUNICIPAL WATER DISTRICT, Intervener and Respondent.

## Counsel

Lagerlof, Senecal, Gosney & Kruse, H. Jess Senecal and James D. Ciampa for Plaintiff and Appellant.

Best Best & Krieger, Kendall H. MacVey and Daniel S. Roberts for Defendant and Respondent.

Downy Brand, David R.E. Aladjem, Maya R. Ferry; Varner & Brandt and Brendan Brandt for Intervener and Respondent.

OPINION

COFFEE, J.—Appellant is the San Bernardino Valley Water Conservation District. Respondent is the San Bernardino County Local Agency Formation Commission (LAFCO). San Bernardino Valley Municipal Water District (MWD) is both an intervener and respondent and has filed its own respondent's brief.

Appellant operates in San Bernardino County, providing water conservation services within the Bunker Hill Groundwater Basin. MWD performs a similar function in the same area. LAFCO is an administrative regulatory agency, the purpose of which is to control the process of the expansion of a municipality and eliminate duplicative services.

LAFCO gathered data indicating that appellant and MWD were providing similar services in the same area, and suggested that consolidation of both entities should be explored. MWD filed an application with LAFCO requesting consolidation. That application is pending. If its request is granted, MWD will become the sole entity to perform the services now offered by both, effectively eliminating appellant's services.

After receiving MWD's application, LAFCO indicated that, should it determine that consolidation was in the public's best interest, it would proceed under the Cortese-Knox-Hertzberg Local Government Reorganization Act of 2000 (the CKH Act). (Gov. Code, §§ 56000 et seq., 57000 et seq.)[1] Appellant disagreed, arguing that certain provisions of the CKH Act are not applicable to the proposed consolidation proceedings, and a different statutory scheme should be applied. Appellant filed a complaint to enjoin any further action by LAFCO until the dispute is resolved. Following a court trial on stipulated facts, the court ruled against appellant. We affirm.

PROCEDURAL HISTORY

In February 2007, appellant filed an action for declaratory relief and requested an injunction enjoining LAFCO from proceeding with processing MWD's consolidation application. The parties stipulated that MWD have leave to intervene and it filed a complaint in intervention. The action was transferred by the Judicial Council to a neutral venue, Ventura County Superior Court. The parties agreed upon a stipulated record of all relevant facts, and the stipulated record was filed with the superior court. The court took the matter under submission and issued a statement of decision, ruling in favor of LAFCO and against appellant.

---

[1] All further statutory references are to the Government Code unless otherwise stated.

## DISCUSSION

### Cortese-Knox-Hertzberg Act

■ To address appellant's contentions, we describe the statutory framework underlying the dispute. The CKH Act authorizes the formation of a local agency formation commission. (§§ 56000 et seq., 57000 et seq.) LAFCO's purpose is to save taxpayer dollars by streamlining and eliminating duplicative efforts by public entities performing the same service in the same area. (§ 56301.)

In making a determination concerning a change of organization, LAFCO is required to proceed under parts 1 through 3 of the CKH Act. (§§ 56000–56898.) To effect the change of organization, LAFCO must proceed under parts 4 and 5 of the CKH Act, which govern implementation and protest procedures. (§§ 57000, 57300.) All parties agree that parts 1 through 3 of the CKH Act apply to appellant. They disagree, however, on whether parts 4 and 5 are likewise applicable.

■ Under the CKH Act, LAFCO has authority to classify an entity as a "special district," or "nondistrict." (§§ 56128, subd. (a), 56036, subd. (b)(1).) It is undisputed that, prior to the lawsuit, appellant applied to LAFCO for nondistrict status, which was granted.

When, as here, there is a change in an entity's status to a nondistrict, LAFCO does not implement the consolidation pursuant to parts 4 and 5 of the CKH Act. Instead, consolidation must be conducted pursuant to the principal act authorizing the establishment of that entity. (§ 56036, subd. (c)(2).)

### Principal Act

Appellant was organized under the Water Conservation District Law of 1931. (Wat. Code, § 74000 et seq.) Water Code section 76020 provides that a water conservation district may be consolidated in the same manner as county water districts, pursuant to Water Code former sections 32560 to 32732. However, those sections (commencing with § 32560) were repealed in 1965. (Stats. 1965, ch. 2043, §§ 383.8, 384, p. 4745.)

Appellant argues that repeal of the consolidation procedures in the Water Code has eliminated the mechanism by which LAFCO may consolidate appellant with MWD. Appellant claims that only the Legislature may resolve this dilemma. LAFCO and MWD contend that it is unreasonable to assume the Legislature provided for consolidation applications to be filed under part

3 of the CKH Act, but failed to empower it to take the necessary steps to effectuate the consolidation, which are provided in parts 4 and 5 of the CKH Act.

### Standard of Review

■ Our review of the superior court's statutory interpretation on undisputed facts presents a pure question of law, which we review de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956]; *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]; *Librers v. Black* (2005) 129 Cal.App.4th 114, 124 [28 Cal.Rptr.3d 188].) In construing a statute, we first turn to the words of the statute to determine the intent of the Legislature. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) Our objective is to promote the general purpose of the statute, and to "avoid a construction that would lead to unreasonable, impractical, or arbitrary results." (*Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1291 [48 Cal.Rptr.3d 183, 141 P.3d 288]; see *Witt Home Ranch, Inc. v. County of Sonoma* (2008) 165 Cal.App.4th 543, 555–556 [81 Cal.Rptr.3d 123].)

### The 1965 Act

The CKH Act was originally enacted as the District Reorganization Act of 1965 (the 1965 Act), which applied to the reorganization of numerous types of governmental districts. (§ 56000 et seq.) In its 1965 Regular Session, the Legislature stated that the 1965 Act "relat[es] to governmental units, known as districts [and will] provid[e] for a uniform procedure for the initiation, conduct and completion of proceedings for annexations, detachments, dissolutions and consolidations made by or with respect to districts, . . . and reorganization of two or more districts (including, as a part thereof, the formation of new districts), and for review by local agency formation commissions of proposals for any of the foregoing proceedings . . . ." (Stats. 1965, ch. 2043, p. 4665, italics omitted.) The introductory provision indicated that the 1965 Act "shall provide the sole and exclusive authority and procedure for the initiation, conduct and completion of changes of organization and reorganization." (Stats. 1965, ch. 2043, § 2, p. 4671.)

In the same session in which it enacted the 1965 Act, the Legislature repealed chapter 3 of the Water Code (commencing with Wat. Code, former § 32560). (Stats. 1965, ch. 2043, pp. 4665, 4667–4668.) The historical note following section 32560 indicates that the "[s]ubject matter of the repealed section is now covered generally by the District Reorganization Act of 1965 . . . ."

*The 1985 Act*

■ In 1985, the 1965 Act was repealed and reenacted as the Cortese Local Government Reorganization Act of 1985 (former § 56000 et seq.; Stats. 1985, ch. 541, § 3, p. 1920). (See *Fallbrook Sanitary Dist. v. San Diego Local Agency Formation Com.* (1989) 208 Cal.App.3d 753, 758 [256 Cal.Rptr. 590].) In 2000, it was repealed and reenacted as the CKH Act. (§ 56000 et seq.; Stats. 2000, ch. 761, § 3.5.) It is presumed that when the Legislature made these enactments, it was aware of existing law and knew the full text of the law it was amending. (*Bouley v. Long Beach Memorial Medical Center* (2005) 127 Cal.App.4th 601, 607 [25 Cal.Rptr.3d 813].)

In summary, Water Code section 76020 authorized the consolidation of water districts and referred to another part of the Water Code for the implementation procedures. That provision of the Water Code was repealed by the enactment of the 1965 Act, which provided new procedures for consolidation.

■ Accordingly, appellant's principal act (the Water Conservation District Law of 1931), which authorized establishment of appellant conservation district, incorporated by reference the terms of the 1965 Act. The 1965 Act was reenacted in 1985, and again in 2000, and is known today as the CKH Act. We conclude that LAFCO has authority under parts 4 and 5 of the CKH Act to order the consolidation of appellant and MWD, should it determine that such a consolidation is in the public interest.

*Specific and General Statutory References*

As an alternative argument, appellant claims that the repealed Water Code sections are still valid. It contends that the provisions were preserved because they were *specifically* referred to in its principal act, the Water Conservation District Law of 1931. (Wat. Code, § 74000 et seq.)

■ Appellant relies on *Palermo v. Stockton Theatres, Inc.* (1948) 32 Cal.2d 53 [195 P.2d 1], in which the court distinguished between a "specific" and "general" reference to a statute. " '[W]here a statute adopts by specific reference the provisions of another statute, . . . such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified, and that the repeal of the provisions referred to does not affect the adopting statute, in the absence of a clearly expressed intention to the contrary.' " (*Id.* at pp. 58–59.) This does not advance appellant's argument. Water Code section 76020 refers to provisions that were later repealed. As the *Palermo* court points out, this did not affect the validity

.

of the adopting statute (Wat. Code, § 76020). However, *Palermo* provides no support for appellant's assertion that repealed sections were somehow revived.

We observe that *Palermo* also provided that " 'where the reference is general instead of specific, such as a reference to a system or body of laws . . . the referring statute takes the law or laws referred to not only in their contemporary form, but also as they may be changed from time to time, and . . . as they may be subjected to elimination altogether by repeal.' " (*Palermo v. Stockton Theatres, Inc., supra*, 32 Cal.2d at p. 59.)

We reject appellant's argument because the reference to consolidation was general, rather than specific. Water Code section 72060 referred to an entire body of law (Wat. Code, former §§ 32560–32732) whose subject matter was replaced by the 1965 Act. Appellant's principal act (the Water Conservation District Law of 1931), adopted by reference the 1965 Act and its subsequent amendments.

### Consolidation and Dissolution

Appellant contends that MWD's application cannot be characterized as a consolidation, but that it is instead a "dissolution." " 'Consolidation' means the uniting or joining of two or more . . . districts into a *single new successor district.*" (§ 56030, italics added.) " 'Dissolution' means the dissolution, disincorporation, extinguishment, and termination of the existence of a district and the cessation of all its corporate powers, . . . for the purpose of winding up the affairs of the district." (§ 56035.)

Appellant argues that the language "new successor district" requires that consolidation must result in the creation of an entirely new entity. It claims that this is impossible because both it and MWD presently exist. Appellant's contention ignores that the term "successor," is included in the statutory phrase. The creation of a "new successor district" necessarily implies the existence of multiple entities that become a single entity. Section 56375, subdivision (c) specifies that LAFCO has the authority "[w]ith regard to a proposal for consolidation of two or more cities or districts, to determine which city or district shall be the consolidated successor city or district."

Appellant provides no authority for its assertion that the change of organization constitutes a dissolution, save an opinion of the attorney general, which is both legally and factually inapposite. (65 Ops.Cal.Atty.Gen 195 (1982).) The opinion considers the distinction between a consolidation and a reorganization, but makes no mention of a dissolution. We conclude that the application pending before LAFCO properly constitutes a consolidation.

The judgment is affirmed. Costs on appeal are awarded to LAFCO.

Gilbert, P. J., and Perren, J., concurred.